IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

KENNETH WRIGHT,
an individual,

                                                         Case No.:

      Plaintiff,

v.

LARGO MEDICAL CENTER, INC.,
a Florida for-profit corporation, and
CAPIO PARTNERS, LLC,
a foreign limited liability company,

      Defendants.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, KENNETH WRIGHT (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, LARGO MEDICAL CENTER, INC. (hereinafter, "LMC") and CAPIO PARTNERS, LLC (hereinafter, "CP") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Fair Debt Collection Practices Act, 15 United States Code, Section 1692a, *et seq*. (hereinafter, the "FDCPA").

## JURISDICTION, VENUE & PARTIES

1.     This is an action for damages that exceeds $5,000.00 and is less than $15,000.00, exclusive of attorneys' fees and costs.

2.     Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Section 559.77, as well as 15 United States Code, Section 1692k(d).

***ELECTRONICALLY FILED 12/27/2016 12:04:41 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

3.    At all material times herein, the conduct of Defendants, complained of below, occurs in Pinellas County, Florida.

4.    At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida.

5.    At all material times herein, LMC is a Florida for-profit corporation with its principal place of business located at One Park Plaza, Nashville, TN 37203 that, itself and through its subsidiaries, regularly extends medical services to consumers in Pinellas County, Florida.

6.    At all material times herein, CP is a foreign limited liability company existing under the laws of the state of Texas that, itself and through its subsidiaries, regularly collects debts allegedly due to another from consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

7.    At all material times herein, LMC is a "creditor" as defined by Florida Statutes, Section 559.55(5).

8.    At all material times herein, CP is a "debt collector" as defined by Florida Statutes, Section 559.55(7) and 15 United States Code, Section 1692a(6).

9.    At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and 15 United States Code, Section 1692a(3).

10.    CP uses interstate mail while engaging in a business the principal purpose of which is the collection of debts allegedly due another.  CP is also an entity who regularly collects or attempts to, directly or indirectly, collect debts owed or due to another, or asserted to be owed or due to another another from consumers in Pinellas County, Florida.

11.    At all material times herein, Defendants attempt to collect a debt, including but not limited to, a balance allegedly due for medical services identified by reference or account numbers

2

ending -1942, -9470, and -8453 (hereinafter collectively, the "Debt").

12.     At all material times herein, the Debt is a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household or family use.

13.     At all material times herein, CP received the Debt for collection–and at all times herein collected the Debt–after the Debt entered default.

14.     At all material times herein, Defendants are each a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Sections 559.55(5), (7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

15.     At all material times herein, Defendants' conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2) and 15 United States Code, Section 1692a(2).

16.     At all material times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

17.     All necessary conditions precedent to the filing of this action occurred or Defendants waived.

## FACTUAL ALLEGATIONS

18.     On or about September 3, 2014, Plaintiff received medical services from LMC.

19.     On or before February 6, 2015, LMC assigned the Debt to Medicredit, Inc. (hereinafter, "MCI") for collection.

20.     On or about February 6, 2015, MCI directly sent Plaintiff a collection letter, on LMC's behalf—and with LMC's consent, knowledge, and approval—in an attempt to collect the

Debt.  Please see attached a true and correct copy of said collection letter labeled as Exhibit "A."

21.     On or about February 16, 2015, MCI directly sent Plaintiff a second collection letter, on LMC's behalf—and with LMC's consent, knowledge, and approval—in an attempt to collect the Debt.  Please see attached a true and correct copy of said collection letter labeled as Exhibit "B."

22.     On or before February 19, 2015, Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter, "Undersigned Counsel") with respect to his debts generally, including the Debt.

23.     On or about February 19, 2015, Undersigned Counsel sent LMC and MCI a facsimile transmission advising LMC and MCI of Undersigned Counsel's representation of Plaintiff with respect to the Debt, advising LMC and MCI of Undersigned Counsel's contact information, and demanding that all direct communication with Plaintiff cease and instead be direct to Undersigned Counsel's office (hereinafter, "Fax of Representation").  Please see attached a true and correct copy of said Fax of Representation and fax delivery confirmation sheet attached as Exhibit "C."

24.     LMC received the Fax of Representation on February 19, 2015.

25.     On or before May 28, 2016, LMC turned the Debt over to CP for collection.

26.     Upon information and belief, when LMC turned the Debt over to CP, LMC advised CP of Undersigned Counsel's representation of Plaintiff with respect to the Debt, advised CP of Undersigned Counsel's contact information, and advised CP of Undersigned Counsel's demand that all direct communication with Plaintiff cease and should instead be directed to Undersigned Counsel's office.[1]

---

[1] *See Kelliher v. Target National Bank*, 826 F. Supp. 2d ■■■, 1327 (M.D. Fla. 2011) (finding that an original creditor has an affirmative duty to notify its third-party debt collectors/agents that a consumer is represented by an attorney

4

27.    On or about May 28, 2016, CP directly sent a collection letter to Plaintiff—on LMC's behalf, and with LMC's consent, knowledge, and approval—in an attempt to collect the Debt.  Please see attached a true and correct copy of said collection letter labeled as Exhibit "D."

28.    Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

29.    Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff should Plaintiff prevail in this matter against Defendants.

30.    United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages, actual damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against CP.

31.    As of the date of this complaint, Defendants did not initiate a law suit in effort to collect the Debt.  Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendants.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORDA STATUTES, SECTION 559.72(18)**

Plaintiff re-alleges paragraphs one (1) through thirty-one (31) as if fully restated herein and further states as follows:

32.    Defendants are each subject to, and violated the provisions of, Florida Statutes,

---

when the creditor turns the debt over for collection); *Micare v. Foster & Garbus*, 132 F.Supp.2d 77 (N.D. NY 2001) (noting that a "debt collector wishing to defeat the purposes of the act could establish a practice of not seeking out information regarding the debtor's representation by counsel.  Whenever a creditor discovered that a debtor was represented by counsel, it could transfer the file to a debt collector with such a practice to allow them to contact the debtors directly without fear of liability…"); *see also Powers v. Professional Credit Servs., Inc.*, 107 F.Supp.2d 166, 168 (noting that permitting creditors and debt collectors to engage in such limited disclosure "would utterly eviscerate the protections afforded by the FDCPA").

Section 559.72(18) by intentionally communicating directly with Plaintiff after possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt and possessing Undersigned Counsel's contact information.

33.     Specifically, LMC received actual knowledge of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt via the Fax of Representation, and LMC subsequently advised CP of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt and provided CP with Undersigned Counsel's contact information. *See* Exhibit C.

34.     Despite possessing actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt, CP directly sent Plaintiff a collection letter, on LMC's behalf—and with LMC's consent, knowledge, and approval—in an attempt to collect the Debt.

35.     The above-referenced debt collection attempt constitutes an indirect attempt by LMC to collect the Debt from Plaintiff.

36.     As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692c(a)(2)**

Plaintiff re-alleges paragraphs one (1) through thirty-one (31) as if fully restated herein and further states as follows:

37.     CP is subject to, and violated the provisions of, 15 United States Code, Section 1692c(a)(2) by communicating with Plaintiff despite possessing knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt and possessing knowledge of Undersigned Counsel's contact information.

38.     Specifically, despite possessing actual knowledge of Undersigned Counsel's

representation of Plaintiff with respect to the Debt from LMC, CP directly sent Plaintiff a collection letter in an attempt to collect the Debt. *See* Exhibits C and D.

39.    As a direct and proximate result of CP's actions, Plaintiff sustained damages as defined by 15 United States Code, Section 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests entry of:

a.    Judgment against each Defendant declaring that Defendants violated the FCCPA;

b.    Judgment against each Defendant for maximum statutory damages for violations of the FCCPA;

c.    Judgment against CP for maximum statutory damages for violations of the FDCPA;

d.    An award of attorneys' fees and costs; and

e.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

LEAVENLAW

/s/ *Gregory H. Lercher*
□ **Ian R. Leavengood, Esq., FBN 0010167**
□ **Aaron M. Swift, Esq., FBN 0093088**
[X] **Gregory H. Lercher, Esq., FBN 0106991**
□ **Sara J. Weiss, Esq., FBN 0115637**
□ **Sean E. McEleney, Esq., FBN 0125561**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
smceleney@leavenlaw.com
*Attorneys for Plaintiff*